UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**MICAH R. WALKER M.D., PLLC d/b/a Women's Wellness of Mississippi and NEWCARE MD, LLC** **Plaintiffs**

**v.** **Civil Action No.: 3:26-cv-00982-HTW-LGI**

**Defendants**

**MORGAN CHARLEIGH PITTS, KIMBERLY AMANDA FLEMING DAVIS, MOKI, LLC d/b/a MOKI Wellness & Aesthetics, M CHARLEIGH CONSULTING, LLC, and UNKNOWN ADDITIONAL ENTITIES or PERSONS A through Z**

# PLAINTIFFS' MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

******URGENT AND NECESSITOUS MOTION******

Plaintiffs Micah R. Walker M.D., PLLC, d/b/a Women's Wellness of Mississippi ("MRW MD"), and NewCare MD, LLC ("NewCare") (collectively "the Practices"), by and through their attorneys, respectfully move this Court under Rule 65 of the Federal Rules of Civil Procedure, 18 U.S.C. § 1836(b)(3)(A), and Miss. Code Ann. § 75-26-5 for a temporary restraining order and a preliminary injunction against Defendants Morgan Charleigh Pitts, Kimbery Amanda Fleming Davis, MOKI, LLC d/b/a MOKI Wellness & Aesthetics, M Charleigh Consulting, LLC, and Unknown Additional Entities or Persons A through Z. In support, the Practices state as follows:

1. This action arises from defendants' misappropriation of the Practices' trade secrets and confidential information, their post-termination lockout of the Practices from access to their ClinIQ clinical-software platform, and the resulting loss of the Practices' access to patient records

and protected health information ("PHI") maintained within that platform. The facts are set forth in the Verified Complaint and in the accompanying Memorandum Brief filed contemporaneously herewith, which the Practices incorporate by reference.

2. The Practices are entitled to preliminary injunctive relief because they can establish each of the four prerequisites for such relief: (a) a substantial likelihood of success on the merits of their trade-secret and related claims; (b) a substantial threat of irreparable injury absent relief; (c) that the threatened injury to the Practices outweighs any harm an injunction would cause defendants; and (d) that an injunction will not disserve the public interest.

3. Immediate relief is warranted. Since on or about September 21, 2026, the Practices have been locked out of the ClinIQ environment, which reflects more than approximately 1,800 patient profiles, on infrastructure the Practices can no longer control in light of the lockout. Defendants have admitted, through counsel, that they are holding the PHI of patients of the Practices. Defendants refuse to return the PHI despite repeated demands by the Practices' counsel. Each day of continued lockout compounds the harm to the Practices' patients, the Practices' operations, and their goodwill. Such harm is irreparable.

4. Each additional day of the lockout also presents potential regulatory compliance issues for the Practices which are charged by federal law with safekeeping the PHI of their patients.

5. Further, since approximately September 24, 2026, defendants have been using and continue to deploy the trade secret ClinIQ platform and, upon information and belief, the Practices' confidential information in a directly competing venture, MOKI, LLC causing harm to the Practices' operations and goodwill. Each additional day defendants are permitted to use the Practices' trade secrets in their competing venture MOKI compounds the harm to the Practices' operations and goodwill. Such harm is irreparable.

6. By this Motion, the Practices request an Order:

(a) Enjoining defendants, and all persons or entities in active concert or participation with them from accessing, using, disclosing, copying, transferring, commercializing, destroying, altering, or impairing the Practices' trade secrets, confidential information, patient information, and protected health information, including the ClinIQ platform and its contents and the data exported or transferred from the Practices' systems;

(b) Enjoining defendants, and all persons or entities in active concert or participation with them from further using or deploying the ClinIQ platform, or any materials derived from it, in connection with any entity, including the competing venture, MOKI;

(c) Directing defendants to restore the Practices' full access to the ClinIQ environment and the Women's Wellness patient records and protected health information maintained within it, and to take all steps necessary to effect and maintain that restoration;

(d) Directing defendants to preserve, and to return or sequester, all patient lists, records, credentials, and other Practices information exported from or transferred out of the Practices' systems, and to preserve all evidence, including the ClinIQ environment and its audit logs, in its existing condition; and

(e) Granting such other and further relief as the Court deems just and proper.

7. The specific terms of the requested relief and the acts to be restrained and required are further described in the accompanying Memorandum Brief.

8. Because defendants[1] are represented by counsel and can be heard on short notice, the Practices do not seek relief on an ex parte basis and will provide notice of this Motion to defendants' counsel. The Practices respectfully request that the Court set this matter for an expedited hearing as an urgent and necessitous matter under L.U.Civ.R. 7(b)(8).

9. The Practices are prepared to post security in such amount as the Court considers proper under Rule 65(c), and submits that, given the nature of the relief sought — principally the protection of the Practices' own property and patient data — no bond, or at most a nominal bond, is warranted.

10. In support of this Motion, the Practices rely upon the Verified Complaint, the contemporaneously filed Memorandum Brief, and such evidence and argument as may be presented at a hearing.

WHEREFORE, Plaintiffs Micah R. Walker M.D., LLC d/b/a Women's Wellness of Mississippi and NewCare MD, LLC respectfully request that the Court grant this Motion, enter a temporary restraining order and a preliminary injunction in the form requested, and award such other and further relief as the Court deems just and proper.

Respectfully submitted this the 13th day of November 2026.

**MICAH R. WALKER M.D., LLC d/b/a WOMEN'S WELLNESS OF MISSISSIPPI and NEWCARE MD, LLC**

By: */s/ Stephanie M. Rippee*
Stephanie M. Rippee

[1] Pitts and Davis are represented by counsel who has been corresponding with Plaintiffs' counsel on their behalf. Plaintiffs believe, but have not confirmed, that same counsel will represent their entities, MOKI, LLC and M Charleigh Consulting, LLC.

OF COUNSEL:
Stephanie M. Rippee (MSB No. 8998)
WATKINS & EAGER PLLC
Post Office Box 650
Jackson, MS 39205-0650
(601) 965-1900 (p)
(601) 965-1901 (f)
*srippee@watkinseager.com*

**ARTIFICIAL INTELLIGENCE CERTIFICATION**

This Complaint was generated with the assistance of Westlaw CoCounsel. I hereby certify that, in compliance with Federal Rule of Civil Procedure 11, I have independently reviewed the source material and verified the accuracy of the artificial content. I understand that I am responsible for the contents of this Complaint and that failure to comply with Rule 11(b) may result in sanctions under Rule 11(c).

This the 13th day of November 2026.

*/s/ Stephanie M. Rippee*
Stephanie M. Rippee

## CERTIFICATE OF SERVICE

I, Stephanie M. Rippee, hereby certify that I have this day caused Plaintiffs' Motion for a Temporary Restraining Order and Preliminary Injunction to be served via electronic mail to:

Mary R. Arthur
Heidelberg, Patterson, Welch, Wright
368 Highland Colony Parkway
Ridgeland, Mississippi 39157

This the 13th day of November 2026.

*/s/ Stephanie M. Rippee*
Stephanie M. Rippee